514 So.2d 419 (1987)
Christopher ARNOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1066.
District Court of Appeal of Florida, Second District.
October 30, 1987.
*420 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
Defendant, Christopher Arnold, appeals his convictions and sentences for battery, aggravated battery, and attempted kidnapping, and his sentence for attempted sexual battery. We affirm in part and reverse in part.
The state filed an amended information charging the defendant with battery in violation of section 784.03, Florida Statutes (1985); aggravated battery with a knife in violation of section 784.045(1)(b); attempted sexual battery with the use or threatened use of a knife in violation of sections 777.04 and 794.011; and attempted kidnapping with intent to commit or facilitate sexual battery in violation of sections 777.04 and 787.01. The information alleged that all four offenses occurred on October 22, 1985. Defendant pled not guilty, and a jury trial ensued.
At trial the following facts relevant to this appeal were established. While returning to her car in a shopping area parking lot, the female victim reached down to pick up a receipt on the floor of her car. As she did, she felt "something" touch her shoulder. She turned and saw the defendant, a male, holding an eight-inch knife. The defendant touched her side with the knife and told her he wanted her to drive him away to have sex with her. Defendant told the victim to unbutton her blouse, and when she complied, he touched her breasts. Defendant unsuccessfully tried to grab her keys. Defendant then pointed the knife at the victim's neck and told her that if she didn't give him the keys, he would hurt her. The victim offered defendant money so he could purchase sex from someone else. As *421 a car pulled up next to the victim's car, the defendant took the victim's money, a twenty-dollar bill and nine one-dollar bills, and ran. He was promptly arrested by an officer who searched him and found a twenty-dollar bill and nine one-dollar bills in his pocket.
At the conclusion of the jury trial, defendant moved for a judgment of acquittal, arguing that aggravated battery was included in the offense of attempted sexual battery, that battery was included in the offense of aggravated battery, and that attempted kidnapping and attempted sexual battery were the same offense. The court denied the motion, and the jury found defendant guilty of all four offenses.
The court adjudicated defendant guilty and sentenced him within the guidelines to three concurrent fifteen-year terms of imprisonment for aggravated battery, attempted sexual battery with a deadly weapon and attempted kidnapping, and a concurrent one-year term for battery. This timely appeal ensued.
Defendant argues that the trial court violated the constitutional prohibition of double jeopardy by imposing multiple punishments for the same offense when it entered separate judgments and sentences for battery, aggravated battery, attempted sexual battery and attempted kidnapping.
The constitutional protections underlying double jeopardy protect individuals from multiple convictions and punishments for the same offense. Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1873). A single transaction, however, can give rise to distinct offenses under separate statutes without violating the double jeopardy clause of the fifth amendment. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981). In determining whether separate punishments can be imposed, Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), mandates that courts examine the offenses to ascertain whether each offense requires proof of a fact that the other does not. See § 775.021(4), Fla. Stat. (1985), which represents a legislative codification of the Blockburger test. If each requires proof of a fact that the other does not, the court must find that the offenses in question are separate, and multiple punishments are presumed to be authorized in the absence of a contrary legislative intent or any reasonable basis for concluding that a contrary intent exists. Carawan v. State, 515 So.2d 161 (1987).
Our examination of the record reveals that the simple battery and the aggravated battery each refer to the same act. The battery is a necessarily included lesser offense of the aggravated battery, and the constitutional protection against double jeopardy prohibits separate convictions and sentences. With the exception of the battery conviction, we find that the remaining three offenses are separate acts and the convictions and sentences for those convictions should stand. See Blockburger, 284 U.S. at 303, 52 S.Ct. at 181; Carawan, 515 So.2d at 163. We conclude that the legislative intent in a case such as this is to impose separate convictions and punishments because the societal interests being protected include a liberty interest offended by the attempted kidnapping, a bodily privacy interest offended by the attempted sexual battery, and a bodily integrity interest offended by the aggravated battery.
Defendant's guideline score was 382. This placed him in the 355-422 point category and the 12-17 year sentencing range with a recommended guideline sentence of 15 years. Vacating the battery conviction results in a 5 point reduction giving the defendant a total of 377 points. This reduction does not affect the recommended guideline range. Therefore, the scoresheet error is harmless.
Accordingly, we vacate defendant's conviction and sentence for battery. Otherwise, we affirm defendant's convictions and sentences.
CAMPBELL and LEHAN, JJ., concur.