THREADGILL, Judge.
Kevin Wayne Godbey appeals a sentence imposed for lewd and lascivious act in the presence of a child. We affirm the appellant’s sentence, but agree that the trial court incorrectly scored twenty points for victim injury on the guidelines scoresheet.
The appellant was initially charged with four counts of sexual battery and two counts of committing a lewd and lascivious act in the presence of a child. Under a plea agreement, the appellant pled no contest to one count of lewd and lascivious act in the presence of a child, and the state entered a nolle prosequi on the remaining charges. The appellant also admitted a violation of probation for a previous felony conviction of possession of cannabis. A sentencing guidelines scoresheet was prepared which included the disputed twenty points for victim injury under “contact but no penetration”. The appellant was sentenced to nine years’ imprisonment to be followed by three years’ probation.
Florida Rule of Criminal Procedure 3.701(d)(7) provides, “[vjictim injury shall be scored for each victim physically injured during a criminal episode or transaction.” Committee Note (d)(7) to rule 3.701 further states that the injury “need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma.” The count in the information under which the appellant pled alleged that the appellant knowingly committed a lewd and lascivious act in the presence of a child by exposing his sexual organ. Since the charge involved no victim contact or physical trauma, it was improper to assess victim injury points for “contact but no penetration”. Cf. Daum v. State, 544 So.2d 1035 (Fla. 2d DCA 1989) (error to assess victim injury points for “penetration or slight injury” where defendant pled no contest to charge of lewd assault rather than sexual battery). However, in this case, the error is harmless because the reduction in points does not affect the recommended guidelines range. Arnold v. State, 514 So.2d 419 (Fla. 2d DCA 1987).
The appellant also claims that following the revocation of probation, he was unlawfully sentenced to nine years in prison for the third-degree felony of possession of cannabis. Although the appellant did not appeal the revocation sentence, we note that the record reflects a legal sentence of twenty-four months in prison, well within the five-year maximum, which was to run concurrent with the nine-year sentence.
We have considered the appellant’s remaining arguments on appeal and find them to be without merit.
*88 Affirmed, but remanded for correction of the guidelines scoresheet.
SCHOONOVER, C.J., and CAMPBELL, J., concur.