[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10066
Non-Argument Calendar
_____

Agency No. A45-056-726

NELSON JAVIER SOSA-MARTINEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(August 22, 2005)**

Before CARNES, HULL and MARCUS, Circuit Judges.

HULL, Circuit Judge:

Nelson Javier Sosa-Martinez, through counsel, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion the Immigration Judge's ("IJ") order that his prior crime of aggravated battery is a crime involving moral turpitude and that thus he should be removed to Honduras. Under 8 U.S.C. § 1252(a)(2)(C), this Court lacks jurisdiction to review removal orders based on a conviction for a crime involving moral turpitude. After review, we conclude that Sosa-Martinez's aggravated battery conviction, in violation of Fla. Stat. Ann. § 784.045, is a crime of moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(i), and thus we dismiss Sosa-Martinez's petition for review for lack of jursidiction.

## I. BACKGROUND

On July 19, 1995, Sosa-Martinez, a native and citizen of Honduras, was admitted into the United States at Miami, Florida, as a lawful permanent resident. On May 24, 1998, Sosa-Martinez, who was then nineteen years of age, was involved in a fight. During the fight, he stabbed the victim, a rival gang member, three times with a pocket knife. Sosa-Martinez was charged with attempted second degree murder. On March 29, 1999, he entered a plea of <u>nolo contendere</u> to a reduced charge of aggravated battery, in violation of Fla. Stat. Ann. § 784.045.

On May 8, 2001, the INS sent a Notice to Appear to Sosa-Martinez, charging him as being subject to removal, pursuant to 8 U.S.C. § 1227(a)(2)(A)(i),

2

for having been convicted of a crime involving moral turpitude committed within ten years of admission for which a sentence of one year or longer may be imposed.[1]  At his hearing on March 12, 2002, Sosa-Martinez admitted the allegations but denied that his aggravated battery conviction was a crime of moral turpitude.  On this basis, Sosa-Martinez moved to terminate his removal proceedings.

On November 26, 2003, the IJ denied Sosa-Martinez's motion to terminate the removal proceedings, determined that Sosa-Martinez was an alien subject to removal because he had been convicted of a crime involving moral turpitude, and ordered that he be removed to Honduras.  In denying Sosa-Martinez's motion to terminate, the IJ determined that Sosa-Martinez was convicted of a crime involving moral turpitude, and "especially in this case where. . . [Sosa-Martinez] was convicted of a crime involving repeatedly stabbing a person with a knife evidencing a depraved mind regardless of human life as is incorporated in the statute in which he was convicted."

Sosa-Martinez appealed the IJ's decision to the BIA, arguing that the crime for which he was convicted was not one involving moral turpitude.  On December

---

[1]The INS did not charge Sosa-Martinez with being deportable as an alien who has committed an aggravated felony.  See 8 U.S.C. § 1227(a)(2)(A)(iii).

3

7, 2004, the BIA entered an order, pursuant to 8 C.F.R. § 1003.1(e)(4), summarily affirming the IJ's decision. Sosa-Martinez petitions this Court for review.

## II. DISCUSSION

### A. Jurisdiction

We first must determine whether we have jurisdiction to entertain Sosa-Martinez's petition. Bahar v. Ashcroft, 264 F.3d 1309, 1311 (11th Cir. 2001). Section 242(a)(2)(C) of the INA provides that this Court has no jurisdiction to review the final order of removal if Sosa-Martinez is removable by reason of having committed a crime involving moral turpitude for which a sentence of one year or longer may be imposed. 8 U.S.C. § 1252(a)(2)(C). However, because judicial review is limited by statutory conditions, we retain jurisdiction to determine whether those conditions exist. Id. Thus, we must determine if Sosa-Martinez "is (1) an alien; (2) who is removable; (3) based on having committed a disqualifying offense." Moore v. Ashcroft, 251 F.3d 919, 923 (11th Cir. 2001). Because Sosa-Martinez does not contest the fact that he is an alien, our review is limited to determining whether Sosa-Martinez's conviction for aggravated battery is a conviction for a crime involving moral turpitude. If we determine that aggravated battery is a crime of moral turpitude, "§ 242(a)(2)(C) strips us of

4

jurisdiction to review the final order of removal."  Galindo-Del Valle v. Att'y

Gen., 213 F.3d 594, 598 (11th Cir. 2000).[2]

## B.     Florida's Aggravated Battery Statute

As noted earlier, Sosa-Martinez pled nolo contendere to aggravated battery

in violation of Fla. Stat. Ann. § 784.045.  Section 784.045 provides that:

> (1)(a) A person commits aggravated battery who, in committing
> battery:
>    1.      Intentionally or knowingly causes great bodily harm,
>            permanent disability, or permanent disfigurement; or
>    2.      Uses a deadly weapon.

Fla. Stat. Ann. § 784.045 (emphasis added).  Thus, to be convicted of either prong

of aggravated battery in Florida, a defendant necessarily must be found to have

committed simple battery.  Arnold v. State, 514 So.2d 419, 421 (Fla. Dist. Ct. App.

1987) ("battery is a necessarily included lesser offense of. . .  aggravated battery")

Further, Florida's simple battery statute provides that:

> (1)(a) The offense of battery occurs when a person:
>    1.      Actually and intentionally touches or strikes another
>            person against the will of the other; or
>    2.      Intentionally causes bodily harm to another person.

Fla. Stat. Ann. § 784.03 (emphasis added).  "The statutory elements of battery are:

an actual and intentional touching or striking of another person against the will of

---

[2]This Court reviews questions of statutory interpretation de novo, but defers to the BIA's interpretation if it is reasonable.  Bahar, 264 F.3d at 1311.  Where the BIA summarily affirms the IJ's decision, this Court "reviews the IJ's analysis as if it were the Board's."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

the other person; or <u>intentionally</u> causing bodily harm to an individual." <u>Hamrick</u>

<u>v. State</u>, 648 So.2d 274, 276 (Fla. Dist. Ct. App. 1995) (emphasis added). Thus, an

aggravated battery conviction required that Sosa-Martinez:

(A) commit a simple battery by intentionally (1) touching or striking another

person, or (2) causing bodily harm to another person, <u>and</u>

(B) that in committing that battery, he (1) caused great bodily harm,

permanent disability, or permanent disfigurement, or (2) used a deadly

weapon.

## C.    The Moral Turpitude Provision

INA § 237(a)(2)(A)(i) provides that a defendant who is convicted of a crime

of moral turpitude is removable, as follows:

> Any alien who. . . is convicted of a crime involving moral turpitude
> committed within five years (or 10 years in the case of an alien
> provided lawful permanent resident status under section 1255(j) of
> this title) after the date of admission, and. . . is convicted of a crime
> for which a sentence of one year or longer may be imposed, is
> deportable.

8 U.S.C. § 1227(a)(2)(A)(i).

Although the term "moral turpitude" is not defined by statute, courts have

stated that it involves an "'act of baseness, vileness, or depravity in the private and

social duties which a man owes to his fellow men, or to society in general, contrary

to the accepted and customary rule of right and duty between man and man.'"

6

United States v. Smith, 420 F.2d 428, 431 (5th Cir. 1970) (quoting Black's Law Dictionary 1160 (Rev. 4th ed. 1957)).[3] "Whether a crime involves the depravity or fraud necessary to be one of moral turpitude depends upon the inherent nature of the offense, as defined in the relevant statute, rather than the circumstances surrounding a defendant's particular conduct." Itani v. Ashcroft, 298 F.3d 1213, 1215-16 (11th Cir. 2002); see also Garcia v. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003); Rodriguez-Herrera v. INS, 52 F.3d 238, 239 (9th Cir. 1995). This court has concluded that crimes involving moral turpitude include misprision of a felony, Itani, 298 F.3d at 1216, and aggravated child abuse, Garcia, 329 F.3d 1222. Accordingly, we must determine whether an aggravated battery offense in Florida is a crime involving moral turpitude without reference to the facts underlying Sosa-Martinez's conviction.

Whether aggravated battery involves moral turpitude is a question of first impression for this Court, but one which is easily answered in the affirmative. In Florida, aggravated battery includes, as necessary elements, that the perpetrator intentionally commit simple battery and in doing so either: (1) cause great bodily harm, permanent disability, or permanent disfigurement, or (2) use a deadly weapon. We readily conclude that any intentional battery that includes, as an

---

[3]Decisions of the Fifth Circuit prior to October 1, 1981, have been adopted as binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

7

element of the offense either (1) that it caused great bodily harm, permanent disability, or permanent disfigurement, or (2) involved the use of a deadly weapon constitutes a crime of moral turpitude.[4]

Our conclusion is supported by the decisions of our sister circuits, decisions involving laws similar to Florida's aggravated battery statute. See Yousefi v. INS, 260 F.3d 318, 327 (4th Cir. 2001) (concluding that assault with a dangerous weapon under District of Columbia law involves moral turpitude); Pichardo v. INS, 104 F.3d 756, 760 (5th Cir. 1997) (finding that aggravated assault pursuant to Pennsylvania's statute involves moral turpitude because conviction under the statute requires bodily injury and a minimum mens rea of recklessness); Gonzales v. Barber, 207 F.2d 398, 400 (9th Cir. 1953), aff'd, 347 U.S. 637 (1954) (concluding that assault with a deadly weapon is a crime which involves moral turpitude); United States ex rel. Zaffarano v. Corsi, 63 F.2d 757, 758 (2d. Cir. 1933) (observing that assault with a dangerous weapon "plainly involve[s] moral turpitude"); see also Matter of Medina, 15 I & N Dec. 611, 613-14 (concluding that

---

[4]In Garcia, this Court held that the inherent nature of aggravated child abuse, in violation of Fla. Stat. Ann. §§ 827.03 and 784.045, constitutes a crime of moral turpitude. Garcia, 329 F.3d at 1222. Under Florida law, aggravated child abuse occurs in several ways, including when a person commits aggravated battery on a child. See Fla. Stat. Ann. § 827.03(2)(a) (Fla. Stat. Ann. § 827.03(2)(a) provides that "'Aggravated child abuse' occurs when a person. . . [c]ommits aggravated battery on a child"). While aggravated battery on a child may be more depraved than aggravated battery on an adult, we have already concluded that a conviction for aggravated battery in Florida constitutes a crime of moral turpitude. However, because a child was involved in Garcia, we also analyze above why aggravated battery on any person is a crime of moral turpitude.

assault with a deadly weapon under Illinois law involves moral turpitude under any of Illinois law's three mental states – intent, knowledge, or recklessness).

### III.  CONCLUSION

Because Sosa-Martinez was convicted of a crime involving moral turpitude, committed within 10 years after his date of admission, and for which a sentence of one year or longer may be imposed, we dismiss Sosa-Martinez's petition for review for lack of jurisdiction under 8 U.S.C. § 1252(a)(2)(C).

**PETITION DISMISSED**.