[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12339
Non-Argument Calendar

_____

BIA No. A95-263-330

OFIR ALIRIO BARRERA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 6, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Ofir Alirio Barrera, a native and citizen of Colombia seeks review of the Board of Immigration Appeals's ("BIA") decision, affirming the immigration judge's ("IJ") order of removal and denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), INA §§ 208, 241(b)(3), 8 U.S.C. §§ U.S.C. § 1158, 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). On appeal, Barrera argues that we have jurisdiction to review the denial of his asylum application as time-barred and to consider whether he met one of the exceptions to the one-year filing deadline. He also argues that the BIA erred by finding that he failed to show that he was a victim of past persecution by the National Liberation Army ("ELN") or that he had a well-founded fear of future persecution. After thorough review of the record, we dismiss the petition as to the asylum claim, and deny the petition as to the claim for withholding of removal.[1]

We have jurisdiction to determine whether jurisdiction exists. Sosa-Martinez v. U.S. Att'y Gen., 420 F.3d 1338, 1340 (11th Cir. 2005). We consider de novo the issue of whether we have subject matter jurisdiction. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

---

[1] Barrera abandoned his CAT claim by not arguing it on appeal, so we will not address this claim. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("[w]hen an appellant fails to offer argument on an issue, that issue is abandoned.").

An asylum application must be "filed within [one] year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B); 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." INA § 208(a)(2)(D); 8 U.S.C. § 1158(a)(2)(D). Section 1158(a)(3) "divests [us] of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Further, we have held that the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("REAL ID Act"), does not change this conclusion. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (explaining that we "cannot review the IJ's and BIA's denial of [petitioner's] asylum claim, even considering the changes in the Real ID Act" because "[t]he timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes").

Pursuant to § 1158(a)(3), we lack jurisdiction to consider Barrera's argument that the BIA erred in denying his asylum claim as time-barred. See id.; Mendoza, 327 F.3d at 1287. We also lack jurisdiction to review Barrera's argument that the

3

BIA erred, constitutionally or as a matter of law, by failing to find the existence of changed circumstances to justify the untimely filing. See Chacon-Botero, 427 F.3d at 957; Mendoza, 327 F.3d at 1287. Therefore, we are compelled to dismiss the petition for review as to Barrera's claim for asylum.

We turn then to Barrera's appeal from the denial of his application for withholding of removal. Because the BIA did not expressly adopt the IJ's reasoning in denying his application, we review only the BIA's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "To the extent that the BIA's decision was based on a legal determination, [our] review is de novo." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review the BIA's factual findings under the substantial evidence test, and must affirm findings that are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation omitted). "To reverse a factual finding by the BIA, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) (quotation omitted).

Withholding of removal may be granted if the alien establishes that it is more likely than not that, if returned to his country, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3)(A).

4

The burden of proof is on the alien, and he is entitled to withholding of removal if he can establish, with specific and credible evidence: (1) a past threat to life or freedom through proof of past persecution on account of a protected ground; or (2) a future threat to life or freedom if it "is more likely than not" that the protected ground will cause future persecution. 8 C.F.R. § 208.16(b)(1), (2). "A showing of past persecution creates a presumption of a well-founded fear, subject to rebuttal by the [government]." Sepulveda, 401 F.3d at 1231 (quotation omitted). If an alien does not establish past persecution, he cannot demonstrate that his "life or freedom would be threatened if the asylum officer or immigration judge finds that the applicant could avoid a future threat to his . . . life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 208.16(b)(2).

The petitioner's well-founded fear of persecution must be on account of one of the statutorily listed factors. To establish the necessary causal connection, the alien must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a statutorily listed factor. Sepulveda, 401 F.3d at 1231 (quotation and emphasis omitted). Although the INA does not expressly define "persecution," we have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation," and "[m]ere harassment does not amount to persecution." Id.

5

(quotations omitted). "[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006).

Substantial evidence supports the BIA's findings that Barrera was not eligible for withholding of removal because he failed to establish that he was either persecuted in the past on account of a statutorily protected ground or will "more likely than not" suffer persecution on this ground in the future. Barrera argues that he met this standard, establishing persecution on account of his political opinion, by presenting evidence regarding threatening telephone calls and letters he and his wife received, his involvement with the Liberal Party, the deaths of several of his relatives, and the country conditions in Colombia. As for past persecution, the record shows that Barrera received threatening telephone calls and letters in the mail, but he was never physically harmed, nor did the ELN ever attempt to carry through on its threats. Threats like these alone are insufficient to establish persecution. See Sepulveda, 401 F.3d at 1231 ("menacing telephone calls and threats . . . do not rise to the level of past persecution.").

Moreover, although several of Barrera's relatives were killed, the record does not compel the conclusion that his relatives were killed in order to punish

6

Barrera for an actual or imputed political opinion. Even if Barrera could establish persecution on the basis of his relatives' deaths, he did not establish the necessary nexus between the persecution and his political opinion. See 8 U.S.C. § 1231(b)(3). Barrera did not present any evidence to show that the ELN targeted him because he was a member of the Liberal Party. Rather, substantial evidence supports the conclusion that it targeted him for extortion based on his income level, and not for persecution based on political opinion. See Ruiz, 440 F.3d at 1258.

Because Barrera did not establish the necessary nexus, he also could not show that it "is more likely than not" that the protected ground would cause future persecution. See 8 C.F.R. § 208.16(b)(2). Therefore, there is substantial evidence to support the BIA's finding that Barrera did not suffer past persecution and would not more likely than not suffer persecution if returned to Colombia. See Mendoza, 327 F.3d at 1287. Accordingly, we deny Barrera's petition as to the withholding-of-removal claim.

**PETITION DISMISSED IN PART AND DENIED IN PART.**