[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15689
Non-Argument Calendar

_____

Agency No. A95-887-479

JOSE DAVID BEDOYA ARBOLEDA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 6, 2008)**

Before TJOFLAT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Jose David Bedoya Arboleda ("Bedoya") seeks review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

order denying his application for asylum and withholding of removal. Specifically, the IJ denied Bedoya's asylum application as untimely, and denied his withholding of removal claim on the merits, largely based on an adverse credibility finding. On appeal, Bedoya argues that: (1) on the merits, he established his eligibility for asylum; and (2) he was entitled to withholding of removal because he proved that he suffered past persecution in Colombia on account of his political activities, and the evidence did not support the IJ's adverse credibility finding. After thorough review, we dismiss the petition as to the asylum claim, and deny the petition as to the claim for withholding of removal.[1]

We have jurisdiction to determine whether jurisdiction over Bedoya's asylum application exists. Sosa-Martinez v. U.S. Att'y Gen., 420 F.3d 1338, 1340 (11th Cir. 2005). We consider de novo the issue of whether we have subject matter jurisdiction. Amaya-Artunduaga, 463 F.3d at 1250. Regarding Bedoya's request for withholding of removal, we review both the BIA's and the IJ's decisions, because the BIA expressly found no clear error in the IJ's factual findings. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) ("Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well."). "To the

---

[1] Bedoya has abandoned his CAT relief claim on appeal and, in any event, we lack jurisdiction to consider the claim because he did not raise it on appeal to the BIA. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (abandonment); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (failure to exhaust).

extent that the . . . decision was based on a legal determination, [our] review is de novo." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review factual findings under the substantial evidence test, and must affirm findings that are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). "To reverse a factual finding by the BIA, [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc) (quotation omitted).

We first conclude that we lack jurisdiction to review the BIA's determination that Bedoya was ineligible for asylum. An asylum application must be "filed within [one] year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application "may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." 8 U.S.C. § 1158(a)(2)(D). However, "[n]o court shall have jurisdiction to review any determination of the Attorney General under [section 1158(a)(2) ]." 8 U.S.C. § 1158(a)(3). Thus, Section 1158(a)(3) "divests [us] of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing."

3

Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). Further, we have held that the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("REAL ID Act"), does not change this conclusion. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005) (explaining that we "cannot review the IJ's and BIA's denial of [petitioner's] asylum claim, even considering the changes in the Real ID Act" because "[t]he timeliness of an asylum application is not a constitutional claim or question of law covered by the Real ID Act's changes").

Pursuant to § 1158(a)(3), we lack jurisdiction to consider the BIA's denial of Bedoya's asylum claim as untimely and its finding that he did not demonstrate changed circumstances affecting his eligibility or extraordinary circumstances to justify the delay in filing. See id.; Mendoza, 327 F.3d at 1287. Moreover, because Bedoya does not address or acknowledge the jurisdictional issue, or attempt to raise any legal or constitutional issue regarding the grounds on which the BIA denied his asylum application, he also has abandoned any challenge to that decision. See Sepulveda, 401 F.3d at 1228 n.2. Therefore, we are compelled to dismiss the petition for review as to Bedoya's claim for asylum.

We also find no merit to Bedoya's challenge to the BIA's denial of his withholding of removal claim. To qualify for withholding of removal under the INA, an alien must show that his or her life or freedom would be threatened, in the

4

country to which he would be removed, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). Under this standard, an alien must prove that it is "more likely than not" that he will be persecuted upon returning to his country. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006) (quotation omitted). The statute protects against persecution by both government forces and non-governmental groups that the government cannot control. Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004).

An applicant for withholding of removal may satisfy his burden of proof in one of two ways. 8 C.F.R. § 208.16(b). First, an alien may establish past persecution motivated, at least in part, by a protected ground, which creates a rebuttable presumption that the alien's life or freedom would be threatened upon return to his country. Id. § 208.16(b)(1)(i); Tan, 446 F.3d at 1375. The government may rebut that presumption by showing, by a preponderance of evidence, that the applicant's life or freedom would not be threatened because (1) a fundamental change in circumstances occurred, or (2) he could relocate within the country to avoid the future threat. 8 C.F.R. § 208.16(b)(1)(i). Second, an alien may show that it is more likely than not that he would be persecuted on account of a protected ground upon removal to his country, unless relocation within the country would avoid the threat and be reasonable to expect. Id. § 208.16(b)(2).

5

Under either method of satisfying the burden of proof for withholding of removal, the applicant must establish a nexus between the past or future persecution and one of the five protected grounds, which include race, religion, nationality, membership in a particular social group, or political opinion. See id. § 208.16(b).

It is the fact finder's duty to determine credibility. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). An applicant's testimony alone may be sufficient to support the burden of proof in withholding of removal cases. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (citing 8 C.F.R. § 208.16(b)). Conversely, however, an adverse credibility finding alone may be sufficient to support the denial of an application for withholding of removal. See id. An IJ "must offer specific, cogent reasons for an adverse credibility finding," and even after making such a finding, the IJ must consider other evidence produced by the applicant. Id. An adverse credibility finding may be based on inconsistencies between an alien's application, testimony, and documentary evidence. D-Muhumed, 388 F.3d at 819.

Here, substantial evidence supported the IJ's finding that Bedoya was not eligible for withholding of removal because his testimony was not credible. Specifically, his testimony at the hearing was internally inconsistent, and inconsistent with his application on the following key issues, as noted by the IJ: (1) his level of involvement in politics; (2) the source of the threatening phone calls he

6

received; (3) whether guerillas ever requested money from him; (4) the timing and details of the shooting that killed his son; (5) the identity of his son's shooter; (6) whether his work on a mayoral campaign, the purported motivation for the shooting at him and his son, occurred before or after the shooting; and (7) his level of sophistication.[2] In addition, this adverse credibility finding was sufficient to support the IJ's denial of Bedoya's withholding of removal claim. See Forgue, 401 F.3d at 1287. Although the documents Bedoya submitted confirmed some of the details of his persecution claim, his testimony was sometimes inconsistent with the documents and they did not otherwise establish past persecution due to his political opinion or that it was more likely than not that he would be persecuted upon returning to Colombia. Therefore, we deny his petition in regards to his withholding of removal claim.

**DISMISSED IN PART, DENIED IN PART.**

---

[2] Although the IJ incorrectly found that Bedoya did not provide independent evidence of his son's death, that finding was based on Bedoya's own testimony that he did not submit any documentary evidence on this issue, and in any event, it does not compel reversal in light of the substantial evidence that supported the adverse credibility finding. See Mendoza, 327 F.3d at 1287.

7