[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15918
_____

Agency No. A075-853-701

MANUEL CANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 15, 2013)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Manual Cano, a lawful permanent resident, petitions for review of the

decision of the Board of Immigration Appeals (BIA) affirming the Immigration

Judge's (IJ) order that Cano be deported because he is an alien convicted of two or

more crimes involving moral turpitude.  See 8 U.S.C. § 1227(a)(2)(A)(ii) (2008).[1]

Cano concedes that in 2010 he was convicted of a crime involving moral turpitude.

The question before us is whether his 2003 Florida conviction for resisting an

officer with violence, in violation of Fla. Stat. § 843.01, is also a crime involving

moral turpitude.

## I.    BACKGROUND

Cano, a Bolivian native and citizen, entered the United States in March 1990

as a nonimmigrant.  Nine years later, his status was adjusted to that of a lawful

permanent resident.  In 2003 and 2010, Cano pleaded guilty to certain crimes.  In

early 2011, the Department of Homeland Security (DHS) notified him that he was

being charged with removal under § 1227(a)(2)(A)(ii) as an alien convicted of two

or more crimes involving moral turpitude.  One of the predicate offenses was Mr.

Cano's 2003 conviction for resisting an officer with violence under Fla. Stat.

§ 843.01.

Cano argued before the IJ that he should not be deported because a violation

of Fla. Stat. § 843.01 is not a crime involving moral turpitude.  On June 21, 2011,

the IJ determined that the Florida offense of resisting arrest with violence is a

crime involving moral turpitude and ordered that Cano be deported.  On November

---

[1] Title 8, Section 1227(a)(2)(A)(ii) of the U.S. Code provides that "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable."

2

21, 2011, the BIA also ruled that Fla. Stat. § 843.01 is a crime involving moral turpitude and dismissed Cano's appeal.  Cano then petitioned for our review.

"We have jurisdiction to review the 'constitutional claims or questions of law raised upon petition for review,' including the legal questions of whether [an alien's conviction] qualifies as a 'crime involving moral turpitude.'"  Fajardo v. United States Att'y Gen., 659 F.3d 1303, 1307 n.3 (11th Cir. 2011) (quoting 8 U.S.C. § 1252(a)(2)(D)).  We review questions of statutory interpretation de novo, but defer to the interpretation of the BIA if it is reasonable.  Sosa-Martinez v. United States Att'y Gen., 420 F.3d 1338, 1341 n.2 (11th Cir. 2005).

## II.    DISCUSSION

The term "moral turpitude" is not defined by statute.  However, we have observed that it involves "[a]n act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."  United States v. Gloria, 494 F.2d 477, 481 (5th Cir. 1974).[2]  "Whether a crime involves the depravity or fraud necessary to be one of moral turpitude depends upon the inherent nature of the offense, as defined in the relevant statute, rather than the circumstances surrounding a defendant's particular conduct."  Itani v. Ashcroft, 298 F.3d 1213, 1215–16 (11th Cir. 2002).  Thus, in deciding whether a

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), this Court adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981.

3

particular offense constitutes a crime involving moral turpitude, we apply the categorical approach and look to the statutory definition of the crime rather than the underlying facts of the conviction. See Fajardo, 659 F.3d at 1305.[3]

The statutory definition of Fla. Stat. § 843.01 provides in relevant part "[w]hoever knowingly and willfully resists, obstructs, or opposes any [officer] . . . by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree . . . ." Fla. Stat. § 843.01. The offense requires that a defendant "(1) knowingly (2) resisted, obstructed, or opposed a law enforcement officer (3) who was in the lawful execution of any legal duty (4) by offering or doing violence to his person." Yarusso v. State, 942 So. 2d 939, 942 (Fla. 2d DCA 2006).

Cano argues that Fla. Stat. § 843.01 is not a crime involving moral turpitude because the statute does not require intentional violence against an officer. Instead, he asserts that the element of intentionality applies only to resisting arrest.

Cano's argument runs counter to the precedent of our court and the Florida Supreme Court. In Frey v. State, the Florida Supreme Court held that Fla. Stat. § 843.01 is a general intent crime. 708 So. 2d 918, 919–20 (Fla. 1998). We have interpreted Frey to mean that the intent requirement in Fla. Stat. § 843.01 applies to

---

[3] Under the categorical approach, "we analyze whether the least culpable conduct necessary to sustain a conviction under the statute meets the standard of a crime involving moral turpitude." Keungne v. United States Att'y Gen., 561 F.3d 1281, 1284 n.3 (11th Cir. 2009).

4

both resisting arrest and the offer or use of violence.  In <u>United States v. Romo-Villalobos</u>, we explained that the "argument that no intent is required for the 'offering or doing violence' element of the crime runs directly contrary to the language of <u>Frey,</u> which held that the <u>entire</u> crime is one of general intent."  674 F.3d 1246, 1250 n.4 (11th Cir. 2012).  Thus, in <u>Romo-Villalobos</u>, we rejected the argument that the intent requirement in Fla. Stat. § 843.01 applies only to resisting arrest.

We also note that the Florida courts have distinguished Fla. Stat. § 843.01 from other crimes against law enforcement by explaining that it is a crime requiring violent force.  <u>Romo-Villalobos</u>, 674 F.3d at 1248–51.[4]  For example, the Florida Supreme Court has explained that battery on a law-enforcement officer requires "mere unwanted touching" which "may, but need not, involve the use or threat of physical force or violence."  <u>State v. Hearns</u>, 961 So. 2d 211, 213–15 (Fla. 2007) (quotation marks omitted).  By contrast, "resisting an officer with violence to his or her person, in violation of section 843.01, differs significantly from

---

[4] In <u>Romo-Villalobos</u>, we held that Fla. Stat. § 843.01 is a crime of violence for purposes of the sentencing guidelines.  674 F.3d at 1249.  In so doing, we applied the categorical approach, looked to the Florida court's interpretation of the elements of the offense, and decided as a matter of federal law that Fla. Stat. § 843.01 is a crime of violence.  <u>Id.</u> at 1248-49.  In deciding whether Fla. Stat. § 843.01 is a crime involving moral turpitude, we similarly apply the categorical approach and look to the statutory definition of the crime, including the elements of the offense. See <u>Sosa-Martinez</u>, 420 F.3d at 1341.  Although our finding in <u>Romo-Villalobos</u> was specific to the sentencing guidelines, in deciding whether § 843.01 involves moral turpitude, we find instructive that Florida courts "have concluded that violence is a necessary element of § 843.01."  <u>Romo-Villalobos</u>, 674 F.3d at 1249.

5

simple battery on a law enforcement officer" because offering or doing violence involves the use or threat of physical force.  Harris v. State, 5 So. 3d 750, 751 (Fla. 1st DCA 2009).

Thus, because Fla. Stat. § 843.01 requires intentional violence against an officer, it criminalizes "conduct [that] exhibits a deliberate disregard for the law, which we consider to be a violation of the accepted rules of morality and the duties owed to society."  Matter of Danesh, 19 I. & N. Dec. 669, 671 (BIA 1988).  Therefore, we conclude that Fla. Stat. § 843.01 is a crime involving moral turpitude.  Because Cano was convicted of Fla. Stat. § 843.01 together with a second crime involving moral turpitude, the BIA properly determined that he is properly removed pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii).

## III.    CONCLUSION

For these reasons, Cano's petition is **DENIED**.