[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12671
Non-Argument Calendar
_____

Agency No. A058-405-587


FREDY GABRIEL MACHADO-ZUNIGA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 6, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Fredy Gabriel Machado-Zuniga seeks review of an order of the Board of Immigration Appeals (BIA) finding him removable pursuant to Immigration and Nationality Act (INA) § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i).  The BIA found that Machado-Zuniga's 2007 conviction for transporting stolen goods in violation of 18 U.S.C. § 2314 constituted a crime involving moral turpitude.  On appeal, Machado-Zuniga argues that the BIA applied the wrong legal framework when it analyzed the prior conviction, and that under the proper framework the conviction would not qualify as a crime involving moral turpitude.  After careful review, we deny Machado-Zuniga's petition for review.

I.

Machado-Zuniga is a native and citizen of Honduras who was admitted to the United States as a lawful permanent resident on April 8, 2006.  On September 28, 2007, he pleaded guilty to transporting stolen goods in interstate commerce in violation of 18 U.S.C. § 2314.  Under the INA, an alien who, within five years of admission, is convicted of a crime involving moral turpitude punishable by one year or more of imprisonment is removable.  INA § 237(a)(2)(A)(i), 8 U.S.C. § 1227(a)(2)(A)(i).

The Department of Homeland Security initiated removal proceedings against Machado-Zuniga pursuant to this crime-involving-moral-turpitude removal provision.  An Immigration Judge (IJ) found that Machado-Zuniga's conviction

2

was categorically a crime involving moral turpitude. The BIA affirmed the IJ's decision, but did not say that every conviction under § 2314 qualifies. Rather, the BIA concluded that Machado-Zuniga's "conviction is for a crime involving moral turpitude" because the "portion of the statute" under which he was convicted involves moral turpitude. It is this determination that Machado-Zuniga now appeals. Because the BIA merely "agree[d]" with the result but did not "expressly adopt[]" the IJ's decision, our review is limited to the BIA's order. See Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007).

## II.

The question we consider in this appeal is whether a violation of 18 U.S.C. § 2314 is a crime involving moral turpitude. Although we are mindful that Congress has restricted appellate review of immigration proceedings, it is clear that we retain jurisdiction over questions of law such as this one. 8 U.S.C. § 1252(a)(2)(D); Cano v. U.S. Attorney Gen., 709 F.3d 1052, 1053 (11th Cir. 2013) ("We have jurisdiction to review the constitutional claims or questions of law raised upon petition for review, including the legal questions of whether an alien's conviction qualifies as a crime involving moral turpitude." (quotation marks and alterations omitted)). We review de novo questions of statutory interpretation, but defer to the BIA's interpretation if it is reasonable. Cano, 709 F.3d at 1053.

3

In resolving whether a conviction involves moral turpitude, this Court applies the categorical approach or the modified categorical approach, depending on the statutory scheme. See Fajardo v. U.S. Attorney Gen., 659 F.3d 1303, 1305 (11th Cir. 2011). Under the categorical approach, a court must "confine its consideration only to the fact of conviction and the statutory definition of the offense," asking only whether the statute of conviction on its face defines a crime that categorically qualifies as a crime of moral turpitude. See Donawa v. U.S. Attorney Gen., 735 F.3d 1275, 1280 (11th Cir. 2013).[1]

In a "narrow range of cases," courts may apply what is known as the modified categorical approach. Id. at 1281 (quoting Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276, 2281 (2013)). The modified categorical approach applies only when the statute of conviction is "divisible." Id. at 1280. A divisible statute is one that "sets out one or more elements of the offense in the alternative" in such a way that conviction under one of the alternatives would be considered a crime involving moral turpitude but conviction under another would not. Descamps, 133 S. Ct. at 2281. Specifically, there are statutes that list elements in the alternative in such a way that "renders opaque which element played a part in

---

[1] Donawa explains the categorical and modified categorical approaches in a case asking whether a prior conviction was an aggravated felony. 735 F.3d at 1279–80. The general analytical framework and underlying principles, however, apply with equal force in cases asking whether a prior conviction is a crime involving moral turpitude. See Fajardo, 659 F.3d at 1305–06 (relying on precedent from other contexts in which the categorical and modified categorical approaches apply in a case about whether a prior conviction qualified as a crime involving moral turpitude).

4

the defendant's conviction." Id. at 2283. In such cases, "we expand our inquiry beyond the fact of conviction and also look to the record of conviction" to decide whether the alien was convicted under a subsection of the divisible statute that qualifies as a crime involving moral turpitude. Donawa, 735 F.3d at 1280 (quotation mark omitted). This approach "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." Descamps, 133 S. Ct. at 2285; see also Moncrieffe v. Holder, 569 U.S. ___, 133 S. Ct. 1678, 1690 (2013) (noting that the modified categorical approach must not be used to engage in "the sort of post hoc investigation into the facts of predicate offenses that we have long deemed undesirable").[2]

## III.

Machado-Zuniga argues that the BIA erred because it should have applied the modified categorical approach but failed to do so. But this position misapprehends the BIA's decision. Rather than finding that a violation of § 2314 is categorically a crime of violence, the BIA applied the modified categorical approach, analyzing the "portion of the statute" under which Machado-Zuniga was convicted. Of course, Machado-Zuniga also disagrees with the BIA's application of the modified categorical approach, insofar as he argues that the paragraph under

---

[2] Machado-Zuniga urges us to remand for precisely this sort of forbidden post-hoc investigation into the particular facts of his conduct, arguing that the modified categorical approach would require "an evidentiary hearing wherein [Machado-Zuniga] could reveal when he learned the stolen nature of the goods." This reflects a misunderstanding of the modified categorical approach's purpose and application.

which he was convicted is not necessarily a crime involving moral turpitude because a person can be convicted under it even if he only learns that the property was stolen after he receives the property and begins the transportation process. Under our precedent, the BIA's determination was correct.

It is clear from the indictment underlying Machado-Zuniga's conviction and the pattern jury instructions for 18 U.S.C. § 2314 that the statute effectively creates several different offenses, as it includes six different paragraphs that define an alternative way the statute can be violated. As evidenced by Machado-Zuniga's indictment, the prosecutor selects one of the six alternatives when charging the defendant and the jury must find each element of that alternative beyond a reasonable doubt. See Descamps, 133 S. Ct. at 2281, 2284; see also id. at 2285 n.2 (noting that in determining whether a statute is divisible, courts may look to the indictment and jury instructions). So long as at least one of the six alternatives covers conduct that is not a crime involving moral turpitude, the statute is divisible and the BIA and Machado-Zuniga's reliance on the modified categorical approach is appropriate. See Descamps, 133 S. Ct. at 2281. The parties briefed us only on the one paragraph of the statute which formed the basis of Machado-Zuniga's conviction. For that reason, and because it makes no difference, we will assume that at least one of the other five paragraphs covers conduct that does not involve moral turpitude. Given this assumption, we focus, as the BIA did, on the particular

6

paragraph that formed the basis of Machado-Zuniga's conviction and ask whether it qualifies as a crime involving moral turpitude.

Machado-Zuniga was convicted under the first paragraph of § 2314, which provides that "[w]hoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud" has violated the section. A person violates this paragraph whenever he transports property he knows to be stolen, even if he learns that it is stolen only after he has received the property and begun the transportation process. United States v. Turner, 871 F.2d 1574, 1578–79 (11th Cir. 1989).

Although the term "moral turpitude" is not defined by either statute or implementing regulation, this Court has offered some guidance. We have recognized that an act of moral turpitude involves an act of "baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between a man and man." Itani v. Ashcroft, 298 F.3d 1213, 1215 (11th Cir. 2002). We have also noted that "[g]enerally, a crime involving dishonesty . . . is considered to be one involving moral turpitude." Id.; see also id. at 1216 (finding misprision of a felony to be a crime involving moral turpitude in part because it "involves dishonest or fraudulent activity").

7

Using this definition, Machado-Zuniga's conviction for transporting stolen property is necessarily a crime involving moral turpitude. Regardless of when a person learns that property is stolen in the process of transporting it, the act of continuing to transport it once he knows it is stolen is an affirmative act of dishonest behavior that "runs contrary to accepted societal duties." Id.; cf. Savail, 17 I. & N. Dec. 19, 20 (BIA 1979) (finding that possession of stolen goods with the knowledge that they are stolen is a crime involving moral turpitude).

The BIA thus correctly determined that the conduct criminalized by the portion of § 2314 under which Machado-Zuniga was convicted is a crime involving moral turpitude. For this reason, we DENY Machado-Zuniga's petition.

**PETITION DENIED.**