[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12814
_____

Agency No. A042-467-219


DREW MONTEGOMERY WALKER,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____
(April 21, 2015)

Before TJOFLAT, WILLIAM PRYOR, and BARKSDALE,* Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

Drew Walker's petition for review of the order for his removal presents two

questions: (1) whether a state conviction for uttering a forged instrument, Fla. Stat.

§ 831.02, is categorically an aggravated felony offense, 8 U.S.C.

_____

* Honorable Rhesa H. Barksdale, United States Circuit Judge for the Fifth Circuit, sitting by
designation.

§ 1101(a)(43)(M)(i); and even if not, (2) whether a conviction for the same offense is categorically a crime involving moral turpitude, *id*. § 1227(a)(2)(A)(ii). We conclude that the offense of uttering a forged instrument necessarily involves an act of deceit. It is both an aggravated felony offense and a crime involving moral turpitude. We deny Walker's petition for review.

## I. BACKGROUND

Walker, a citizen of Jamaica, was admitted to the United States as a lawful permanent resident in 1990. In 2001, Walker pleaded no contest to three counts of uttering a forged instrument, Fla. Stat. § 831.02. One of the counts involved an amount over $10,000.

In 2010, the Department of Homeland Security commenced removal proceedings against Walker. The Department alleged that Walker was removable because he committed a crime involving deceit or fraud in which the loss to the victim or victims exceeds $10,000. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); *id*. § 1101(a)(43)(M)(i) ("The term 'aggravated felony' means . . . an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000 . . . ."). The Department later alleged that Walker was also removable because he had been convicted of multiple crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct. *Id*.

2

§ 1227(a)(2)(A)(ii). Walker admitted his convictions but argued that they did not qualify as removable offenses.

An immigration judge ruled that Walker was removable on both grounds. Walker appealed that decision to the Board of Immigration Appeals, which held that Walker's convictions were aggravated felonies and crimes of moral turpitude. The Board dismissed Walker's appeal.

## II. STANDARD OF REVIEW

We review *de novo* the Board's resolution of questions of law. *Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1279 (11th Cir. 2013).

## III. DISCUSSION

We divide our discussion in two parts. First, we explain that Walker is removable for committing an aggravated felony, 8 U.S.C. § 1101(a)(43)(M)(i). Second, we explain, in the alternative, that Walker is removable because he committed multiple crimes of moral turpitude, not arising out of a single criminal scheme, *id.* § 1227(a)(2)(A)(ii).

### A. Walker Was Convicted of an "Aggravated Felony."

Walker is removable if he committed an "aggravated felony," *id.* § 1227(a)(2)(A)(iii), which includes offenses that "involve[] fraud or deceit in which the loss to the victim or victims exceeds $10,000," *id.* § 1101(a)(43)(M)(i). Walker does not contest that he was convicted of violating section 831.02 of the

3

Florida Statutes, or that one of those convictions involved an amount greater than $10,000. Accordingly, the only question is whether a violation of section 831.02 is an "offense that . . . involves fraud or deceit," 8 U.S.C. § 1101(a)(43)(M)(i). We hold that it is.

To resolve this question, we "apply a categorical . . . approach." *Donawa*, 735 F.3d at 1280. "Under the categorical approach, [we] confine [our] consideration only to the fact of conviction and the statutory definition of the offense." *Id*. "A state offense is an aggravated felony . . . only if it necessarily involves facts equating the generic federal" definition. *Id*. (emphasis omitted). Here, the generic definition of "aggravated felony" requires proof of "fraud or deceit." 8 U.S.C. § 1101(a)(43)(M)(i). And the Florida statute makes fraud or deceit an element of the offense as follows:

> Whoever utters and publishes as true a false, forged or altered record, deed, instrument or other writing . . . knowing the same to be false, altered, forged or counterfeited, with intent to injure or defraud any person, shall be guilty of a felony of the third degree . . . .

Fla. Stat. § 831.02.

Walker argues that his conviction is not categorically a crime of "deceit" because section 831.02 prohibits uttering a false instrument with "intent to injure *or* defraud." *Id*. (emphasis added). According to Walker, because a violation requires only intent to *injure*, we cannot say with certainty that deceit was involved. We disagree.

4

Uttering a forged instrument necessarily includes deceit because the violator "utters and publishes as true" something that the violator "know[s]" to be "false." *Id*. Whether done with intent to injure or intent to defraud, a violator must knowingly deceive—that is, he must state something is true that he knows is, in fact, false. *See Black's Law Dictionary* 465 (9th ed. 2009) (defining "deceit" as "[t]he act of intentionally giving a false impression" or a "false statement of fact made by a person knowingly"). That deceit makes a violation of section 831.02 an "aggravated felony."

*B. Alternatively, Walker Was Convicted of a Crime of Moral Turpitude.*

In the alternative, Walker is also removable because he committed multiple crimes of moral turpitude. Section 1227(a)(2)(A)(ii) provides that "[a]ny alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct . . . is deportable." 8 U.S.C. § 1227(a)(2)(A)(ii). Walker has abandoned any argument that his crimes arose from a "single scheme of criminal misconduct," *id.*, so the only question we must decide is whether a violation of section 831.02 is a crime of "moral turpitude." We hold that it is.

"To determine whether a conviction for a particular crime constitutes a conviction of a crime involving moral turpitude," we again use the "categorical approach." *Fajardo v. U.S. Att'y Gen.*, 659 F.3d 1303, 1305 (11th Cir. 2011).

5

"[M]oral turpitude" is not defined by the statute, but our Court has defined a crime of moral turpitude as "[a]n act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." *Itani v. Ashcroft*, 298 F.3d 1213, 1215 (11th Cir. 2002) (internal quotation marks and citation omitted). "Generally, a crime involving dishonesty or false statement is considered to be one involving moral turpitude." *Id*. (internal quotation marks and citation omitted).

Because uttering a forged instrument involves deceit, we hold that it is a crime of moral turpitude. Uttering a forged instrument is "behavior that runs contrary to accepted societal duties and involves dishonest or fraudulent activity." *Id.* at 1216. Walker has argued only that his convictions did not involve deceit. He has offered no reason to depart from the rule that, "[g]enerally, a crime involving dishonesty or false statement is considered to be one involving moral turpitude." *Id*. at 1215. Accordingly, he is removable under section 1227(a)(2)(A)(ii).

## IV. CONCLUSION

We **DENY** Walker's petition for review.

6