[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10154
Non-Argument Calendar
_____

Agency No. A055-565-396

RICARDO WALTERS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 15, 2015)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Ricardo Walters seeks review of the Board of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") finding that he was removable as an alien convicted of a crime involving moral turpitude. On appeal, Petitioner argues that he was not removable because his Florida conviction for operating a chop shop was not categorically a crime involving moral turpitude. After careful review, we deny the petition for review.

## I.  Background

Petitioner is a native and citizen of Jamaica who was admitted to the United States as a lawful permanent resident in August 2004. In May 2008, Petitioner pled guilty to knowingly owning, operating, or conducting a chop shop or knowingly aiding and abetting another person in owning, operating, or conducting a chop shop, in violation of Florida Statute § 812.16.

In January 2010, the Department of Homeland Security ("DHS") issued Petitioner a notice to appear, charging him as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i), for having been convicted, within five years of admission, of a crime involving moral turpitude punishable by one year or more of imprisonment. At a preliminary removal hearing, Petitioner admitted the conviction, but denied that such conviction involved moral turpitude. After hearing arguments from both Petitioner and the DHS, the IJ sustained the charge of removability, finding that Petitioner's conviction was categorically a crime involving moral turpitude,

2

denying his adjustment of status application because he was not statutorily eligible for the waiver necessary to excuse his crime involving moral turpitude conviction, and ordering him removed to Jamaica.

Petitioner appealed to the BIA, challenging the IJ's determination that his Florida conviction was a crime involving moral turpitude. The BIA affirmed the IJ's decision because operating a chop shop was "morally reprehensible conduct" and involved theft and deception.

## II.  Discussion

On appeal, Petitioner argues that his Florida conviction for operating a chop shop is not a crime involving moral turpitude and, thus, he was not removable as charged. We review *de novo* the legal question of whether an alien's conviction qualifies as a crime involving moral turpitude. *Cano v. U.S. Att'y Gen.*, 709 F.3d 1052, 1053 (11th Cir. 2013).[1]

An alien is removable if he is convicted of a crime involving moral turpitude within five years after the date of admission for which a sentence of one year or more may be imposed. 8 U.S.C. § 1227(a)(2)(A)(i). The term "moral turpitude" is not defined in the Immigration and Nationality Act, but we have said that it involves an "act of baseness, vileness, or depravity in the private and social duties

---

[1] When an alien seeking review of a removal order has been convicted of a crime involving moral turpitude, our jurisdiction is limited to constitutional claims or questions of law, including the legal question of whether an alien's conviction qualifies as a crime involving moral turpitude. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Cano*, 709 F.3d at 1053.

which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." *Itani v. Ashcroft*, 298 F.3d 1213, 1215 (11th Cir. 2002).  We have also noted that "[g]enerally, a crime involving dishonesty or false statement is considered to be one involving moral turpitude." *Id.*  For example, we have held that misprision of a felony is a crime involving moral turpitude because it "necessarily involves an affirmative act of concealment or participation in a felony, behavior that runs contrary to accepted societal duties and involves dishonest or fraudulent activity." *Id.* at 1216.

In determining whether a conviction involves moral turpitude, we employ a categorical approach, considering the inherent nature of the offense, as defined in the relevant statute, not the circumstances of a defendant's particular conduct. *Fajardo v. U.S. Att'y Gen.*, 659 F.3d 1303, 1308-10 (11th Cir. 2011).  Applying this approach, we ask "whether the least culpable conduct necessary to sustain a conviction under the statute meets the standard of a crime involving moral turpitude." *Keungne v. U.S. Att'y Gen.*, 561 F.3d 1281, 1284 n.3 (11th Cir. 2009).

Under Florida law, "[a]ny person who knowingly owns, operates, or conducts a chop shop or who knowingly aids and abets another person in owning, operating, or conducting a chop shop is guilty of a felony in the third degree." Fla. Stat. § 812.16(2).  A chop shop is "any area, building, storage lot, field, or other

4

premises or place where one or more persons are engaged or have engaged in altering, dismantling, reassembling, or in any way concealing or disguising the identity of a stolen motor vehicle or of any major component part of a stolen motor vehicle; where there are two or more stolen motor vehicles present; or where there are major component parts from two or more stolen motor vehicles present." *Id.* § 812.16(1)(a). A defendant's knowledge that the vehicles were stolen may be inferred from the circumstances. *See Vargas v. State of Florida*, 34 So.3d 44, 46-47 (Fla. 4th Dist. Ct. App. 2010).

Here, the BIA and IJ did not err in concluding that Petitioner's chop shop conviction under Florida Statute § 812.16 was a crime involving moral turpitude. Petitioner contends that his § 812.16 conviction did not involve moral turpitude because a person could be convicted under that statute for merely having the imputed knowledge that a private location is being used as a chop shop. However, this argument ignores the fact that, by its plain language, § 812.16 criminalizes the knowing ownership, operation, or conducting of a chop shop or the aiding and abetting of such conduct. Fla. Stat. § 812.16(1)(a), (2). Thus, a § 812.16 conviction requires, at the very least, knowingly aiding and abetting the operation of a shop designed to conceal or house stolen parts of motor vehicles, not merely knowing that a location is used as a chop shop. *See id.* This concealment of parts of motor vehicles that a defendant knows to be stolen necessarily involves

5

dishonesty, which has been recognized by binding precedent as involving moral turpitude. *See Itani*, 298 F.3d at 1215-16; *cf. Matter of Salvail*, 17 I. & N. Dec. 19, 20 (BIA 1979) (finding that possession of stolen goods with the knowledge that they are stolen is a crime involving moral turpitude). Thus, the least culpable conduct necessary to sustain a conviction under § 812.16 meets the standard of a crime involving moral turpitude. *See Keungne*, 561 F.3d at 1284 n.3; Fla. Stat. § 812.16(1)(a), (2).

**PETITION DENIED.**