[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16764
Non-Argument Calendar
_____

Agency No. A200-615-657


MAURICIO VILCHIZ-BELLO,

                                                                      Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                      Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(September 25, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Mauricio Vilchiz-Bello, a native and citizen of Mexico, petitions for review from the Board of Immigration Appeals's ("BIA") final order affirming the decision of the Immigration Judge ("IJ").  On appeal, Petitioner argues that his conviction for criminal use of personal identification information under Florida Statute § 817.568(2)(a) does not categorically qualify as a crime involving moral turpitude.  After careful review, we deny the petition for review.

## I.    BACKGROUND

Petitioner first entered the United States without admission or inspection in 1998.  He departed the United States voluntarily in October 2010, but later re-entered in January 2011, again illegally, without being admitted or paroled.  In April 2011, Petitioner was convicted in Arizona of solicitation to commit smuggling.

The Department of Homeland Security ("DHS") subsequently issued Petitioner a notice to appear ("NTA"), charging him as removable (1) under 8 U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without being admitted or paroled, and (2) under 8 U.S.C. § 1182(a)(2)(A)(i)(I), because he was convicted of a crime involving moral turpitude.

At a hearing before the IJ, Petitioner conceded removability as an alien present in the United States without admission or parole, but denied that he was removable for having committed a crime involving moral turpitude.  Specifically,

2

he contended that solicitation to commit alien smuggling is not a crime of moral turpitude. Petitioner later filed an application for withholding of removal. He also filed an application for cancellation of removal, asserting that his removal would cause exceptional hardship to his child, who is a United States citizen.

In June 2014, and citing a second conviction, the DHS filed an additional charge of removability, again alleging that Petitioner was inadmissible under 8 U.S.C. § 212(a)(2)(A)(i)(I), as an alien who had committed a crime involving moral turpitude. In particular, the DHS alleged that Petitioner was convicted in November 2013 of criminal use of personal identification information, in violation of Florida Statute § 817.568(2), a third-degree felony. At a subsequent hearing before the IJ, Petitioner admitted that he was convicted of the above charge, but he contended that this conviction for criminal use of personal identification information was, like his other conviction, not a crime involving moral turpitude.

Following the parties' briefing on the issue, the IJ issued a written order sustaining the charge under § 1182(a)(2)(A)(i)(I), based on Petitioner's conviction for a crime involving moral turpitude. First, the IJ determined that Petitioner's Arizona conviction for solicitation to commit smuggling did not qualify as a crime involving moral turpitude. Focusing next on Petitioner's conviction for criminal use of personal identification information, the IJ applied the categorical approach and determined that the least culpable conduct required to sustain a conviction

3

under § 817.568(2)(a) was possession with intent to fraudulently use another person's identification information without the person's authorization or prior consent. This conduct required a culpable mental state—the specific intent to "fraudulently use" the identification information—and was reprehensible because it involved possessing items with an accompanying intent to use them fraudulently—conduct that necessarily involves moral turpitude. Therefore, the IJ held that Petitioner's conviction under § 817.568(2)(a) was a crime involving moral turpitude and sustained the charge under § 1182(a)(2)(A)(i)(I).

In a separate oral decision, the IJ denied Petitioner's application for cancellation for removal, concluding that he was statutorily ineligible based on his conviction for a crime involving moral turpitude. The IJ also denied Petitioner's application for withholding of removal.

Petitioner appealed to the BIA, arguing in relevant part that he was eligible for cancellation of removal because his conviction for criminal use of personal identification information was not a crime involving moral turpitude. He acknowledged that offenses involving fraud ordinarily qualified as crimes involving moral turpitude, but argued that the Florida statute required more of an intent to deceive than an intent to defraud. He also challenged the denial of his application for withholding of removal.

4

The BIA dismissed Petitioner's appeal and affirmed the IJ's determination that Petitioner was removable under § 1182(a)(2)(A)(i)(I) and ineligible for cancellation of removal because his conviction for criminal use of personal identification information was a crime involving moral turpitude. The BIA explained that the Florida statute was not divisible and that the offense was categorically a crime involving moral turpitude because the full range of conduct under the statute was inherently fraudulent. The BIA also denied Petitioner's application for withholding of removal.

## II.    DISCUSSION

### A.    Standard of Review

We review the BIA's decision as the final judgment, except to the extent the BIA expressly adopted the IJ's decision. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). Where the BIA agrees with the IJ's reasoning, we also review the decision of the IJ to the extent of that agreement. *See Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). We review *de novo* whether an alien's conviction qualifies as a crime involving moral turpitude.[1] *Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1240 (11th Cir. 2016).

---

[1] Our jurisdiction is limited to questions of law and constitutional claims when an alien, who was convicted of a crime involving moral turpitude, seeks review of his removal order. *See* 8 U.S.C. § 1252(a)(2)(C), (a)(2)(D). We retain jurisdiction over the legal question of whether Petitioner's conviction qualifies as a crime involving moral turpitude. *See Cano v. U.S. Att'y Gen.*, 709 F.3d 1052, 1053 (11th Cir. 2013).

### B.    Crime Involving Moral Turpitude

Petitioner argues here, as he did before the agency, that his conviction for criminal use of personal identification information under Florida Statute § 817.568(2)(a) is not a crime involving moral turpitude.  Because his conviction is not a crime involving moral turpitude, he asserts that he is not statutorily barred from cancellation of removal.

An alien convicted of an act which constitutes the essential elements of a crime involving moral turpitude is inadmissible.  8 U.S.C. § 1182(a)(2)(A)(i)(I). For cancellation of removal of nonpermanent residents, an alien is statutorily ineligible if he has been convicted of certain offenses, including a crime involving moral turpitude.  *See* 8 U.S.C. § 1229b(b)(1)(C); 8 U.S.C. § 1182(a)(2)(A)(i)(I).

The term "moral turpitude" is not defined by statute, but we have defined a crime involving moral turpitude to mean an "act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."  *Cano v. U.S. Att'y Gen.*, 709 F.3d 1052, 1053 (11th Cir. 2013) (quotation omitted).  "Generally, a crime involving dishonesty or false statement is considered to be one involving moral turpitude."  *Walker v. U.S. Att'y Gen.*, 783 F.3d 1226, 1229 (11th Cir. 2015) (quotations and alteration omitted) (holding that uttering a forged instrument is a crime involving moral turpitude because it

6

involves deceit); *Itani v. Ashcroft*, 298 F.3d 1213, 1216 (11th Cir. 2002) (holding that misprision of a felony is a crime involving moral turpitude because it "necessarily involves an affirmative act of concealment or participation in a felony, behavior that runs contrary to accepted societal duties and involves dishonest or fraudulent activity").

To determine whether a conviction qualifies as a crime involving moral turpitude, we generally apply the categorical approach. *Gelin*, 837 F.3d at 1241. Under this approach, we consider only the statutory definition of the offense, not the specific facts underlying the conviction. *Id.* "In doing so, we ask 'whether the least culpable conduct necessary to sustain a conviction under the statute meets the standard of a crime involving moral turpitude.'" *Id.* (quotation omitted).

The statute at issue here is the Florida criminal use of personal identification information statute, Florida Statute § 817.568(2)(a).[2] That statute provides that: "Any person who willfully and without authorization fraudulently uses, or possesses with intent to fraudulently use, personal identification information concerning another person without first obtaining that person's consent, commits

---

[2] To the extent Petitioner argues that it is not clear which subsection of § 817.568 he was convicted of, as the BIA noted, Petitioner did not challenge the IJ's determination that he was convicted under subsection (2)(a). Further, Petitioner admitted that he was convicted of criminal use of personal identification information in the third degree, which corresponds to subsection (2)(a). *See* Fla. Stat. § 817.568(2)(a).

the offense of fraudulent use of personal identification information."  Fla. Stat. § 817.568(2)(a).

Here, we agree with the BIA's and IJ's determination that a conviction for criminal use of personal identification information under Florida Statute § 817.568(2)(a) categorically qualifies as a crime involving moral turpitude. Applying the categorical approach, the least culpable conduct prohibited by § 817.568(2)(a)—possession with intent to fraudulently use another person's personal identification without that person's consent—obviously meets the standard of a crime involving moral turpitude.  *See Gelin*, 837 F.3d at 1241. Because the least culpable conduct under § 817.568(2)(a) involves the specific intent to possess personal information with intent to defraud, the BIA reasonably concluded that Petitioner's offense involves moral turpitude.  *See Walker*, 783 F.3d at 1229; *Itani*, 298 F.3d at 1216.

We are not persuaded by Petitioner's argument that the Florida statute is overbroad because the definition of fraud does not include detriment to the victim. Petitioner has not cited to, nor have we found, any precedent holding that an offense must have an element of detriment or pecuniary loss to the victim in order to constitute a crime involving moral turpitude.  Further, the Florida jury instructions define the term "fraudulently" as "purposely or intentionally suppressing the truth or perpetrating a deception or both."  *In re Standard Jury*

8

*Instructions in Criminal Cases—Report 2016–03*, 202 So. 3d 830, 833 (Fla. 2016).

Based on this definition, the statute includes, at the very least, dishonesty, which we have consistently held to involve moral turpitude.  Fla. Stat. § 817.568(2)(a); *Walker*, 783 F.3d at 1229.  Therefore, the least culpable conduct necessary to sustain a conviction under § 817.568(2) meets the standard of moral turpitude.  *See Gelin*, 837 F.3d at 1241.

Accordingly, the BIA and IJ properly concluded that Petitioner's conviction for criminal use of personal identification information categorically qualifies as a crime involving moral turpitude and renders him removable under § 1182(a)(2)(A)(i)(I) and statutorily ineligible for cancellation of removal.

**PETITION DENIED**.[3]

---

[3]  In his brief, Petitioner expressly states that he is not challenging the BIA's denial of his application for withholding of removal.  He has therefore abandoned this argument on appeal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that issues not raised in an appellate brief are abandoned).