[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10368
Non-Argument Calendar

_____

Agency No. A087-895-036

RAUL ACEVEDO GONZALEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 3, 2019)

Before TJOFLAT, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Petitioner Raul Acevedo Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals's ("BIA") final order affirming the decision of the Immigration Judge ("IJ"). The IJ pretermitted Petitioner's application for cancellation of removal after concluding that Petitioner had been convicted of an offense that qualified as both an aggravated felony and as a crime involving moral turpitude ("CIMT"). We grant the petition in part; vacate the part of the BIA's order classifying Petitioner's conviction as an aggravated felony; and deny the petition in part.

I.  Background

Petitioner first entered the United States without inspection in 2000. In 2010, Petitioner was charged as removable (1) for being present in the United States without having been admitted or paroled, 8 U.S.C. § 1182(a)(6)(A)(i), and (2) for having been convicted of a CIMT, 8 U.S.C. § 1182(a)(2)(A)(i)(I). Petitioner conceded removability for having not been admitted or paroled. Petitioner also admitted that he had a 2009 conviction for fleeing or attempting to

2

elude a law enforcement officer, in violation of Fla. Stat. § 316.1935(2); but Petitioner denied that this conviction constituted a CIMT.  Petitioner then applied for cancellation of removal, on grounds that his removal would result in exceptional and extremely unusual hardship to his wife and children, who are United States citizens.

After a merits hearing, the IJ pretermitted Petitioner's application for cancellation of removal and ordered Petitioner removed to Mexico.  The IJ first concluded that Petitioner's 2009 conviction for fleeing or eluding a law enforcement officer constituted an aggravated felony, making Petitioner ineligible for most forms of discretionary relief.  The IJ also determined that Petitioner's 2009 conviction was categorically a CIMT and, as a result, that Petitioner was statutorily ineligible for cancellation of removal.  The IJ noted that Petitioner had declined the opportunity to apply for withholding of removal or for protection under the Convention Against Torture.  The BIA affirmed and adopted the IJ's decision.

II.  Standard of Review

Because the BIA adopted expressly the IJ's decision, we review the decisions of both the BIA and the IJ on appeal.  See Ayala v. U.S. Att'y Gen., 605 F.3d 941, 948 (11th Cir. 2010).  We review de novo whether an alien's conviction constitutes an aggravated felony.  Accardo v. U.S. Att'y Gen., 634 F.3d 1333, 1335 (11th Cir. 2011).  We also review de novo whether a conviction qualifies as a CIMT.  Gelin v. U.S. Att'y Gen., 837 F.3d 1236, 1240 (11th Cir. 2016).

We will defer to the BIA's statutory interpretation when the pertinent immigration "statute is silent or ambiguous with respect to the specific issue before us" and the BIA's interpretation of the statute is reasonable.  Cadet v. Bulger, 377 F.3d 1173, 1185-86 (11th Cir. 2004).  "An agency's interpretation is reasonable and controlling unless it is 'arbitrary, capricious, or manifestly contrary to the statute.'"  Id.

4

III.  Discussion

A.  Aggravated Felony

The Attorney General has discretion to cancel the removal of an otherwise deportable alien only if the alien "has not been convicted of any aggravated felony."  8 U.S.C. § 1229b(a)(3).  An offense of conviction constitutes an "aggravated felony" if, among other things, the offense qualifies as a "crime of violence" within the meaning of 18 U.S.C. § 16.  8 U.S.C. § 1101(a)(43)(F). Section 16 defines a "crime of violence" this way:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16 (2018).  "To determine whether a state law offense qualifies as a crime of violence for immigration purposes, we employ a categorical approach, looking to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime."  Dixon v. U.S. Att'y Gen., 768 F.3d 1339, 1343 (11th Cir. 2014).

5

That Petitioner's statute of conviction -- Fla. Stat. § 316.1935(2) -- is categorically not a crime of violence under section 16(a) is undisputed.  The BIA and the IJ concluded only that Petitioner's conviction constituted a crime of violence under section 16(b).

While Petitioner's petition was pending in this Court, however, the Supreme Court struck down as unconstitutionally vague section 16(b).  See Sessions v. Dimaya, 138 S. Ct. 1204, 1210, 1223 (2018).  Because Petitioner's statute of conviction no longer qualifies as a "crime of violence," we grant in part the petition; and we vacate the BIA's classification of Petitioner's offense as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).

### B.  Crime Involving Moral Turpitude

An alien who has committed a CIMT is ineligible for cancellation of removal.  See 8 U.S.C. §§ 1229b(d)(1), 1182(a)(2)(A)(i)(I).  Although the term "moral turpitude" is not defined by statute, we have said that the term means "an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."  Cano v. U.S. Att'y Gen.,

6

709 F.3d 1052, 1053 (11th Cir. 2013) (alteration omitted).  The BIA has said that a CIMT "involves reprehensible conduct committed with some degree of scienter, either specific intent, deliberateness, willfulness, or recklessness."  In re: Louissaint, 24 I.&N. Dec. 754, 756-57 (BIA 2009).

"[I]n deciding whether a particular offense constitutes a crime involving moral turpitude, we apply the categorical approach and look to the statutory definition of the crime rather than the underlying facts of the conviction."  Cano, 709 F.3d at 1053.  Petitioner was convicted of violating Fla. Stat. § 316.1935(2), which contains this language:

> (2) Any person who willfully flees or attempts to elude a law enforcement officer in an authorized law enforcement patrol vehicle, with agency insignia and other jurisdictional markings prominently displayed on the vehicle, with siren and lights activated commits a felony of the third degree . . .

In determining that Petitioner's 2009 conviction constituted a CIMT, the IJ relied in part on the BIA's determination -- in In re: Ruiz-Lopez, 25 I.&N. Dec. 551, 556 (BIA 2011) -- that a conviction for attempting to elude a police vehicle (in violation of a Washington statute) constituted a CIMT.  The IJ acknowledged that the statute at issue in Ruiz-Lopez included as an element that the offender "drove his vehicle in a manner indicating a wanton or willful disregard for the lives or property of others": an element not included in Fla. Stat. § 316.1935(2).  The IJ

7

also noted that Florida law categorizes as a separate offense fleeing or attempting to elude a police vehicle while driving in a "manner which demonstrates a wanton disregard for the safety of persons or property." See Fla. Stat. § 316.1935(3)(a). The IJ concluded, however, that the distinction between Florida Statutes section 316.1935(2) and section 316.1935(3)(a) was "irrelevant" in the light of case law recognizing the risk inherent in all forms of vehicular flight.

In United States v. Petite, we concluded -- for purposes of determining whether an offense qualified as a violent felony under the "residual clause" of the Armed Career Criminal Act ("ACCA") -- that no meaningful distinction existed between section 316.1935(2) and section 316.1935(3). 703 F.3d 1290, 1300 (11th Cir. 2013) ("While it may be true that the conduct underlying violations of §§ 316.1935(3)(a) and 316.1935(3)(b) presents greater risks of violence and injury than does conduct underlying a violation of the base offense in § 316.1935(2), it does not follow that a violation of § 316.1935(2) does not also present a substantial risk of injury to another." (citation omitted)). We stressed that the Supreme Court -- in Sykes v. United States, 564 U.S. 1 (2011) -- "made it clear . . . that intentional vehicle flight from a law enforcement officer is an inherently risky offense, that the offense by definitional necessity occurs in the presence of a law enforcement officer and provokes a dangerous confrontational response from that officer, and

8

that this confrontational response places property and persons at serious risk both during and after the pursuit, even without any reckless driving on the part of the offender." Id. at 1301.

In the light of the language about Fla. Stat. § 316.1935 in Petite, and about vehicular flight in Sykes and in Petite,[*] the IJ determined that Petitioner's statute of offense was materially indistinguishable from the Washington statute at issue in Ruiz-Lopez. The IJ's conclusion is further supported by the BIA's decision in Louissaint, in which the BIA said that an offense constitutes a CIMT where the offense conduct inherently "invites a violent defensive response" or is likely to result in "a face-to-face confrontation between the [offender] and a third party . . . ." See 24 I.&N. Dec. at 758-59 (concluding that burglary of an occupied building, in violation of Fla. Stat. § 810.02(3)(a), constituted a CIMT). Like the burglary offense at issue in Louissaint, vehicular flight from a police officer (even in the absence of aggravating factors) is inherently likely to "provoke[] a dangerous confrontational response . . . ." Cf. Sykes, 564 U.S. at 1301.

We do accept the IJ's and the BIA's conclusion that a violation of Fla. Stat. § 316.1935(2) constitutes a CIMT is not "arbitrary, capricious, or manifestly

---

[*] We note that Sykes and Petite both involved an analysis under the ACCA's residual clause: a provision which has since been declared unconstitutionally vague. See Johnson v. United States, 135 S. Ct. 2551 (2015). Nevertheless, we find persuasive the discussion in Sykes and in Petite about the inherent risks associated with vehicular flight.

9

contrary to the statute;" therefore, we defer to the agency's interpretation.  See

Cadet, 377 F.3d at 1185-86.

IV:  Conclusion

We grant in part the petition and vacate the BIA's order to the extent that the

BIA concluded that a conviction under Fla. Stat. § 316.1935(2) constitutes an

"aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43)(F).  We deny in

part the petition to the extent that Petitioner challenges the BIA's conclusion that

Petitioner's 2009 conviction qualifies as a CIMT.  Because Petitioner has been

convicted of a CIMT, he is statutorily ineligible for cancellation of removal.  The

BIA, thus, committed no error in pretermitting Petitioner's application for

cancellation of removal.

PETITION GRANTED IN PART AND DENIED IN PART.

10