[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10630
Non-Argument Calendar
_____

Agency No. A205-209-641


PAULINE NADEGE BINAM,

                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 1, 2020)

Before JILL PRYOR, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

Pauline Binam, a native and citizen of Cameroon, seeks review of the Board

of Immigration Appeals' ("BIA") order affirming, in relevant part, the Immigration

Judge's ("IJ") denial of her application for cancellation of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b). In her petition, Binam argues that: (1) the BIA legally erred in finding that her previous conviction for possession of stolen goods, under N.C. Gen. Stat. § 14-71.1, qualifies as a crime involving moral turpitude ("CIMT") under the categorical approach; (2) her previous conviction for concealment of merchandise, under N.C. Gen. Stat. § 14-72.1(a), is not a CIMT; (3) the BIA legally erred in applying Matter of Diaz-Lizarraga, 26 I. & N. Dec. 847 (BIA 2016), retroactively; and (4) she is statutorily eligible for the petty offense exception under 8 U.S.C. § 1182(a)(2)(A)(ii). After careful review, we deny her petition.

The INA strips appellate courts of jurisdiction to review, in relevant part, "any judgment regarding the granting of relief under section . . . 1229b . . . of this title." 8 U.S.C. § 1252(a)(2)(B)(i). Nevertheless, we still retain jurisdiction over "constitutional claims or questions of law." Id. § 1252(a)(2)(D). Whether a previous conviction qualifies as a CIMT is a legal question we review de novo. Gelin v. U.S. Att'y Gen., 837 F.3d 1236, 1240 (11th Cir. 2016). Retroactivity is also a question of law that we review de novo. Rendon v. U.S. Att'y Gen., 972 F.3d 1252, 1264 n.10 (11th Cir. 2020).

"When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the [IJ's] decision" or explicitly agrees with the

2

IJ's findings.  Juene v. Att'y Gen., 810 F.3d 792, 799 (11th Cir. 2016).  We do not reach issues not considered by the BIA.  Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016).

First, we are unpersuaded by Binam's argument that her North Carolina conviction for possession of stolen goods did not qualify as a crime involving moral turpitude.  The Attorney General has discretion to grant cancellation of removal to nonpermanent residents who show, inter alia, that they have not been convicted of a CIMT.  8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1229b(b)(1)(C).  While undefined by statute, we've said that a CIMT "involves [a]n act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man."  Cano v. U.S. Att'y Gen., 709 F.3d 1052, 1053 (11th Cir. 2013) (quotations omitted).  The BIA has concluded that, "[t]o involve moral turpitude, a crime requires two essential elements: reprehensible conduct and a culpable mental state."  Matter of Silva-Trevino, 26 I. & N. Dec. 826, 834 (BIA 2016).

"[I]n deciding whether a particular offense constitutes a crime involving moral turpitude, we apply the categorical approach and look to the statutory definition of the crime rather than the underlying facts of the conviction."  Cano, 709 F.3d at 1053.  Under that approach, "we analyze whether the least culpable conduct necessary to sustain a conviction under the statute meets the standard of a

3

crime involving moral turpitude."  Id. at 1053 n.3 (quotations omitted).  "If a conviction requires that a defendant acted knowingly or intentionally, the statute requires a sufficiently culpable mental state to constitute a CIMT."  Pierre v. U.S. Att'y Gen., 879 F.3d 1241, 1251 (11th Cir. 2018) (quotations omitted).  We've also recognized that, "[g]enerally, a crime involving dishonesty or false statement is considered to be one involving moral turpitude."  Walker v. U.S. Att'y Gen., 783 F.3d 1226, 1229 (11th Cir. 2015) (quotations omitted).

"[T]he version of state law that the defendant was actually convicted of violating" must be analyzed under the categorical approach.  McNeill v. United States, 563 U.S. 816, 821, 824 (2011) (applying the categorical approach to determine whether the defendant's convictions qualified as "serious drug offenses" under the Armed Career Criminal Act).  In analyzing whether an offense constitutes a CIMT, we "may rely on court decisions in the convicting jurisdiction that interpret the meaning of the statutory language."  Gelin, 837 F.3d at 1243.

> North Carolina's possession-of-stolen-goods statute says, in relevant part:
>
> If any person shall possess any chattel, property, money, valuable security or other thing whatsoever, the stealing or taking whereof amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made, such person knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken, he shall be guilty of a Class H felony . . . .

N.C. Gen. Stat. § 14-71.1.  Under North Carolina common law, "[t]he elements of possession of stolen goods are: (1) possession of personal property; (2) which has

4

been stolen; (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and (4) the possessor acting with a dishonest purpose." State v. Tanner, 695 S.E.2d 97, 100 (N.C. 2010) (quotations omitted). "[R]easonable grounds to believe" is the equivalent of "implied guilty knowledge." State v. Parker, 341 S.E.2d 555, 560 (N.C. 1986). "Dishonest purpose is an essential element of possession of stolen goods," and a "[d]ishonest purpose is equivalent to felonious intent." State v. Withers, 432 S.E.2d 692, 698 (N.C. 1993).

As an initial matter, we have jurisdiction to address whether the categorical approach applies to Binam's conviction for possession of stolen goods because it is a legal question. See Gelin, 837 F.3d at 1240. But even though we agree that the categorical approach applies, we can give Binam no relief on her claim.

The categorical approach requires an analysis of the elements of the conviction, and North Carolina courts have interpreted their possession-of-stolen-goods statute as requiring a dishonest purpose. See Mathis, 136 S. Ct. at 2248; Tanner, 695 S.E.2d at 100; Gelin, 837 F.3d at 1243. We've held that, "[g]enerally, a crime involving dishonesty or false statement is considered to be one involving moral turpitude." Walker, 783 F.3d at 1229 (quotations omitted). Thus, Binam's conviction for possession of stolen goods qualifies as a CIMT. See id.

Because we've held that the dishonest purpose element provides a sufficient mens rea to render a conviction a CIMT, see id., Binam's reliance on Matter of

5

Salvail, 17 I. & N. Dec. 19 (BIA 1979) -- which held that a Canadian statute that required actual knowledge of the stolen nature of the goods qualified as a CIMT -- is immaterial.  Further, to the extent Binam relies on State v. Martin, 387 S.E.2d 211 (N.C. Ct. App. 1990), to argue that the categorical approach requires courts to limit themselves to the language of the statute, she is mistaken; that case dealt with the validity of an indictment, not the elements of a conviction.  See id. at 213-14.

As for Binam's reliance on Matter of Deang, 27 I. & N. Dec. 57 (BIA 2017), that case is inapplicable because it dealt with whether a conviction under North Dakota law for receipt of stolen property qualified as an "aggravated felony" under the INA.  Id. at 58-64.  Here, the issue is whether a conviction for possession of stolen property -- which does not require an intent to permanently deprive -- qualifies as a CIMT, and, as we've said, this can be shown by establishing that the crime involved dishonesty.  See Walker, 783 F.3d at 1229.  Likewise, Matter of Machado Brindis, A078 968 678 (BIA Oct. 3, 2017), is inapplicable because, in North Carolina, "reasonable grounds to believe" has been equated with "implied guilty knowledge," unlike the Florida statute at issue in that case, where "should know" meant criminal negligence.  See Parker, 341 S.E.2d at 560.  Moreover, Machado Brindis is of no precedential value because it is unpublished.  Accordingly, we

6

conclude that the BIA did not err in finding that Binam's conviction for possession of stolen goods qualifies as a CIMT, and we deny her petition as to this issue.[1]

We also deny Binam's petition concerning her argument that the BIA erred by applying retroactively Matter of Diaz-Lizarraga, 26 I. & N. Dec. 847 (BIA 2016) -- which she says announced a new rule regarding theft offenses -- to her case. As the record makes clear, the BIA's passing reference to Matter of Diaz-Lizarraga did not retroactively apply its holding in determining whether Binam's North Carolina convictions qualified as CIMTs. Thus, we need not reach this issue.

Finally, we find no merit to Binam's claim that she is eligible for cancellation of removal pursuant to the petty offense exception. In the cancellation-of-removal context, the petty-offense exception applies when: (1) a person has committed only one CIMT; (2) the maximum possible sentence for the CIMT did not exceed imprisonment for a term of one year; and (3) a sentence of six months or less was imposed. 8 U.S.C. § 1229b(b)(1)(c); id. § 1182(a)(2)(A)(ii). In 2008, a conviction for possession of stolen goods under North Carolina law constituted a Class H

---

[1] Binam also has a previous conviction for concealment of merchandise under N.C. Gen. Stat. § 14-72.1, which proscribes "without authority, willfully conceal[ing] the goods or merchandise of any store, not theretofore purchased by such person, while still upon the premises of such store." N.C. Gen. Stat. § 14-72.1(a). However, the BIA did not reach the issue of whether Binam's conviction for concealment of merchandise qualifies as a CIMT, so we need not address it. See Gonzalez, 820 F.3d at 403.

felony, which carried a maximum possible sentence of 25 months' imprisonment. N.C. Gen. Stat. § 14-71.1.[2]

Binam concedes in her brief that her conviction for misdemeanor larceny, under N.C. Gen. Stat. § 14-72(a), qualifies as a CIMT, but contrary to her claims, this is not her only conviction for a CIMT. As we've already discussed, her conviction for possession of stolen goods constitutes a CIMT as well. In addition, that conviction alone disqualifies her for the exception because it carried a possible sentence of more than one year. See 8 U.S.C. § 1182(a)(2)(A)(ii). Therefore, Binam is statutorily ineligible for the petty offense exception, see id., and we deny her petition in full.[3]

**DENIED**.

---

[2] Felony Punishment Chart and Minimum/Maximum Table for Offenses Committed on or after December 1, 1995 to December 1, 2009, N.C. JUD. BRANCH, https://www.nccourts.gov/assets/documents/publications/felonychart_12_01_95maxchart.pdf?R CA2u_.9En4i.e8d67rDmBML2kHzGSQs.

[3] In her brief, Binam does not contest the denial of her applications for withholding of removal or for relief under the Convention Against Torture ("CAT"), and therefore, she has abandoned these issues. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).